UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
STASON SUTTON,

Plaintiff,

-against-

PRINCE STREET ASSOCIATES INC. AND BLANK STREET INC.

Defendants.
-------------------------------------------------------------x

**Civil Case No: 1:26-cv-8631**

**COMPLAINT**

**JURY TRIAL REQUESTED**

## COMPLAINT

Plaintiff, Stason Sutton ("Plaintiff"), by and through his counsel, Hanski Partners LLC, hereby files this Complaint against Prince Street Associates Inc. ("Landlord Defendant") and Blank Street Inc. ("Tenant Defendant" and collectively with Landlord Defendant, "Defendants"), and alleges upon information and belief as follows:

## INTRODUCTION

1. Plaintiff is an individual with a disability who requires a wheelchair for mobility.

2. Landlord Defendant owns the real property and building known by, and with an address of, 181 Prince Street, New York, NY 10012 ("181 Prince").

3. Tenant Defendant owns and operates a café known as Blank Street Cofee at 181 Prince Street ("BSC – Prince Street").

4. Plaintiff brings this action because Defendants discriminate against him based on disability in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et seq.* and its implementing regulations; the New York Human Rights Law ("State HRL"), Article 15 of the New York Executive Law; the New York Civil Rights Law ("CRL"), §

40 *et seq.;* and the New York City Human Rights Law ("City HRL"), Title 8 of the Administrative Code of the City of New York.

5. By bringing this action Plaintiff seeks to have Defendants cease discriminating against him in violation of the ADA, the State HRL, the CRL, and the City HRL (collectively the "Human Rights Laws").

6. Plaintiff seeks equitable, injunctive, and declaratory relief together with attorneys' fees, costs, and expenses pursuant to the Human Rights Laws.

7. Plaintiff also seeks civil penalties from Defendants pursuant to the CRL, and monetary damages from Defendants pursuant to the State HRL and the City HRL.

## JURISDICTION & VENUE

8. This Court is vested with jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343 because this is an action for declaratory and injunctive relief pursuant to the ADA.

9. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because the events giving rise to this action occurred in the State of New York, County of New York; specifically, at the real property and the building thereon with the street address of 181 Prince Street, New York, NY 10012 in which the BSC – Prince Street is located.

10. This Court has supplemental jurisdiction over Plaintiff's State HRL and City HRL claims pursuant to 28 U.S.C. § 1367(a) as they are related to his claims arising under the ADA.

## FACTS COMMON TO ALL CAUSES OF ACTION

***The Parties and the Place***

11. Plaintiff is a resident of the State and City of New York.

12. Plaintiff suffers from a physical condition that renders him unable to walk using his musculoskeletal system, and which restricts Plaintiff's body motion range and movement.

13. Unable to walk on his own, Plaintiff uses a wheelchair to move about.

14. Landlord Defendant, a domestic business corporation, is a private (non-governmental) entity.

15. Landlord Defendant conducts business within the State of New York, including at 181 Prince.

16. Landlord Defendant owns and operates 181 Prince.

17. Landlord Defendant leases space to Tenant Defendant within 181 Prince for use and occupancy as a restaurant.

18. The space Landlord Defendant leases to Tenant Defendant is located on the ground floor of 181 Prince.

19. Tenant Defendant, a foreign business corporation, is a private (non-governmental) entity.

20. Tenant Defendant conducts business within the State of New York, including at 181 Prince.

21. Tenant Defendant leases space at 181 Prince from Landlord Defendant for use and occupancy as a café.

22. Tenant Defendant owns and operates BSC – Prince Street, a café that serves coffee, and flavored matcha and espresso drinks in the space it leases from Landlord Defendant at 181 Prince.

23. BSC – Prince Street is located on Prince Street, between Sullivan Street and Thompson Street, within Manhattan's SoHo neighborhood.

***Past Direct Injury***

24. In January 2026 Plaintiff went to BSC – Prince Street for one of its flavored espresso drinks.

25. When Plaintiff arrived at BSC – Prince Street he encountered architectural elements that function as physical barriers to wheelchair users ("architectural barriers").

26. Architectural barriers Plaintiff encountered at BSC – Prince Street included a step at the public entrance, and the lack of level and clear maneuvering space at the exterior of the public entrance door.




27. As Plaintiff uses a wheelchair for mobility, the architectural barriers Plaintiff encountered denied him entry to BSC – Prince Street.

28. Defendants created and maintain the architectural barriers Plaintiff encountered at BSC – Prince Street's public entrance, and the additional architectural barriers at BSC – Prince Street detailed in this Complaint.

29. Because Defendants created and maintain BSC – Prince Street with architectural barriers, BSC – Prince Street is not readily accessible to and usable by ("accessible") disabled individuals that use wheelchairs.

30. Because of the architectural barriers, BSC – Prince Street was not accessible to Plaintiff, as a disabled individual that uses a wheelchair.

31. By creating and maintaining architectural barriers at BSC – Prince Street Defendants deny individuals with disabilities that use wheelchairs full and equal enjoyment of BSC – Prince Street's goods, services, facilities, privileges, advantages, and accommodations ("equitable access") based on disability.

32. Defendants denied Plaintiff equitable access based on disability when he encountered the architectural barriers they created and maintain at BSC – Prince Street.

33. Defendants caused Plaintiff a direct injury when he encountered the architectural barriers at BSC – Prince Street that denied him equitable access. (Indeed, the architectural barriers Plaintiff encountered denied him the opportunity to even enter BSC – Prince Street.)

34. Because architectural barriers deny individuals with disabilities equitable access, they are prohibited as unlawful discrimination by the ADA, the State HRL, the CRL, and the City HRL (collectively the "Human Rights Laws").

35. By creating and maintaining architectural barriers at BSC – Prince Street, Defendants denied disabled individuals that use wheelchairs, including Plaintiff, equitable access to BSC – Prince Street.

36. Plaintiff experienced Defendants' denial of equitable access to BSC – Prince Street when he personally encountered architectural barriers at BSC – Prince Street.

37. Plaintiff suffered a direct injury from Defendants' conduct when he personally encountered architectural barriers at BSC – Prince Street.

***Ongoing Deterrent Injury***

38. Defendants continue to maintain architectural barriers at BSC – Prince Street.

39. By doing so, Defendants continue to deny disabled individuals that use wheelchairs, including Plaintiff, equitable access to BSC – Prince Street.

40. Plaintiff desires to patronize BSC – Prince Street because he enjoys coffee and flavored espresso drinks, both of which are served at BSC – Prince Street.

41. Plaintiff specifically desires to patronize BSC – Prince Street because he likes the flavored espresso drinks he has had from Blank Street Coffee, such as the shaken vanilla bean cold brew.

42. Plaintiff desires to patronize BSC – Prince Street, because it is located within SoHo, an area he visits 4 or more times a month.

43. Since Plaintiff tried to patronize BSC – Prince Street in January 2026, Plaintiff has wanted to go there more than twice, including in August and September 2026.

44. Although Plaintiff wants to go to BSC – Prince Street he is deterred from doing so due to the architectural barriers he personally encountered at BSC – Prince Street, and because of the other architectural barriers at BSC – Prince Street he learned about prior to filing this Complaint.

45. Defendants continue to deny Plaintiff equitable access to BSC – Prince Street based on disability through their ongoing maintenance of architectural barriers at BSC – Prince Street.

46. By denying Plaintiff equitable access to BSC – Prince Street, Defendants discriminate against Plaintiff in violation of the Human Rights Laws.

***Plaintiff's Ongoing Desire to Patronize BSC – Prince Street***

47. Plaintiff goes to SoHo for recreational activities.

48. Plaintiff also goes to SoHo to drink, dine, and shop, and to people watch.

49. Plaintiff desires to patronize BSC – Prince Street as it is in SoHo, an area Plaintiff goes to 4 or more times a month.

50. Plaintiff enjoys coffee and espresso-based drinks.

51. Plaintiff specifically enjoys the espresso-flavored drinks for which the Blank Street Coffee chain is known.

52. Plaintiff patronizes cafes as he enjoys coffee and espresso-based drinks.

53. Plaintiff desires to patronize BSC – Prince Street because he enjoys the coffee and espresso-flavored drinks sold by the Blank Street Coffee chain.

54. Plaintiff continues to desire to patronize BSC – Prince Street as he enjoys Blank Street Coffee's shaken vanilla bean cold brew and other espresso-flavored drinks.

55. Defendants, however, deny Plaintiff the opportunity to patronize BSC – Prince Street as they created and continue to maintain architectural barriers at BSC – Prince Street.

56. Defendants deter Plaintiff from patronizing BSC – Prince Street through their continued maintenance of architectural barrers at BSC – Prince Street.

57. Plaintiff is aware that there are architectural barriers at BSC – Prince Street that deny him equitable access to BSC – Prince Street.

58. The architectural barriers Plaintiff is aware of include the exterior architectural barriers Plaintiff previously encountered and the interior architectural barriers Plaintiff which are identified in this Complaint.

59. Plaintiff continues to be deterred from patronizing BSC – Prince Street as he is aware that architectural barriers at BSC – Prince Street that deny him equitable access continue to exist.

60. Defendants cause Plaintiff to suffer an ongoing injury by maintaining architectural barriers at BSC – Prince Street.

61. Defendants refuse to remove the architectural barriers at BSC – Prince Street that deny Plaintiff equitable access.

62. But for the architectural barriers Plaintiff would patronize BSC – Prince Street.

63. After the architectural barriers are removed, Plaintiff will patronize BSC – Prince Street.

64. Plaintiff intends to visit BSC – Prince Street after the architectural barriers are removed and BSC – Prince Street is made readily accessible and usable as required by the ADA, State HRL, and City HRL.

65. By maintaining architectural barriers at BSC – Prince Street, Defendants deny Plaintiff equitable access to BSC – Prince Street due to disability and continue to discriminate against Plaintiff in violation of the Human Rights Laws.

66. Plaintiff continues to be deterred from patronizing BSC – Prince Street because he is personally aware that architectural barriers at BSC – Prince Street deny him equitable access to BSC – Prince Street.

67. Defendants continue to maintain the architectural barriers at BSC – Prince Street, those that Plaintiff personally encountered, and those that Plaintiff learned of after he visited BSC – Prince Street.

68. Defendants cause Plaintiff to suffer an ongoing injury as they continue to deter Plaintiff from visiting BSC – Prince Street by maintaining these architectural barriers.

***Alterations were performed to Buildout BSC – Prince Street at 181 Prince***

69. 181 Prince was constructed prior to January 26, 1992.

70. However, at various times after January 26, 1992, the space BSC – Prince Street occupies and uses at 181 Prince was remodeled, renovated, and reconstructed in a manner that affected or could have affected the way the space, or part of the space, is used (i.e., "Altered").

71. During and after the 2022 calendar year, Defendants performed physical modifications to the space BSC – Prince Street occupies to convert the space into a Blank Street Coffee outlet.

72. The work Defendants performed included the demolition of the then existing space including the space's flooring and interior walls, and the installation of new walls, fixtures, doors, and modifications to the space's plumbing system.

73. Defendants Altered BSC – Prince Street's space when they made these physical changes.

74. However, BSC – Prince Street's space was Altered without providing for the minimum required physical accessibility necessary for disabled individuals that use wheelchairs to have equitable access to BSC – Prince Street.

75. Therefore, although Altered, BSC – Prince Street physical space is not accessible.

76. BSC – Prince Street is a place of public accommodation as defined by the ADA, State HRL, CRL, and City HRL, because it is a restaurant.

77. As a place of public accommodation, BSC – Prince Street is required to be accessible pursuant to the ADA, State HRL, and City HRL as a non-accessible place of public accommodation does not provide equitable access to persons such as Plaintiff, a disabled individual that uses a wheelchair.

78. To comply with the ADA, CRL, State HRL, and City HRL, Landlord Defendant, the property owner and lessor of a place of public accommodation, is required to provide Plaintiff, as a disabled individual, equitable access to BSC – Prince Street.

79. To comply with the ADA, CRL, State HRL, and City HRL, Tenant Defendant, the lessee and owner/operator of a place of public accommodation, is required to provide Plaintiff, as a disabled individual, equitable access to BSC – Prince Street.

80. The ADA, CRL, State HRL, and City HRL prohibits the property owner, lessor, and lessee of a place of public accommodation, as well as the operator and owner of the place of

public accommodation (each a "public accommodation"[1]) from discriminating based on disability with respect to the place of public accommodation. ADA, 42 U.S.C. § 12181 and 28 C.F.R. § 36.104; State HRL, Executive Law § 296(2)(a); N.Y. Civil Rights Law §§ 40 and 40-c, and the City HRL, Administrative Code § 8-102.

81. Each Defendant is a public accommodation: Landlord Defendant is a public accommodation as it owns and leases the physical space within 181 Prince in which BSC – Prince Street is located; Tenant Defendant is a public accommodation as it owns and operates BSC – Prince Street and leases the space in which BSC – Prince Street is located from Landlord Defendant.

82. The ADA, State HRL, and City HRL impose joint and several liability on the owner, lessor, and lessee of the location in which a place of public accommodation is located, as well as upon the operator and owner of the place of public accommodation.

83. Each Defendant is vicariously liable for the discriminatory acts and omissions of their employees and agents.

84. Pursuant to the Human Rights Laws, BSC – Prince Street, an Altered place of public accommodation is required to be readily accessible to and usable by disabled individuals that use wheelchairs.

85. Defendants' failure to comply with the ADA, State HRL, and City HRL infringes upon Plaintiff's rights to be free from discrimination based on disability.

86. Defendants offer ambulatory individuals independent and safe access to BSC – Prince Street but deny Plaintiff this opportunity based on disability. (Defendants deny Plaintiff the opportunity to even enter BSC – Prince Street due to disability.)

---

[1] Also known as a "covered entity" under the City Human Rights Law.

87. By denying Plaintiff independent and safe access to BSC – Prince Street through their maintenance of architectural barriers, Defendants unlawfully discriminate against Plaintiff based on disability.

88. Architectural barriers which Plaintiff encountered include, but are not limited to, the following violations of the ADA Standards[2] and the NYC Standards[3] (together the "Accessibility Standards"):

*Exterior Route*

A. No accessible route is provided from the public sidewalk to BSC – Prince Street's public entrance due to the change in level at the entrance.
*Defendants fail to provide that at least one accessible route shall be provided within the site from public sidewalks to the accessible entrance served by the sidewalk. 1991 ADA § 4.1.2(1); 2010 ADA § 206.2.1; 1968 BC § 27-292.5(b); 2008 BC § 1104.1; 2014 BC § 1104.1; and 2022 BC § 1104.1.*

B. The change in level greater than ½ inch high between the public sidewalk and BSC – Prince Street public entrance is not treated with an accessible ramp.
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be overcome with a ramp that complies with 1991 ADA § 4.8 or an elevator or platform lift. See 1991 ADA § 4.3.8; and 1968 Ref. Std. § 4.3.8.*
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be treated with a ramp that complies with 2010 ADA § 405. See 2010 ADA § 303.4; 2008 Ref. Std. § 303.3; and 2014/2022 Ref. Std. § 303.4.*

---

[2] "ADA Standards" means to (i) the 1991 ADA Standards for Accessible Design codified in 28 CFR part 36 Appendix A (the "1991 ADA Standards" or "1991 ADA"); and (ii) the 2010 Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D, and 28 CFR part 36 Appendix A, subpart D (the "2010 ADA Standards" or "2010 ADA").

[3] NYC Standards" means (i) the accessibility provisions of the 1968 New York City Building Code, N.Y.C. Admin. Code § 27-292.1 *et seq*. (the "1968 BC"), inclusive of the technical standard for accessibility referenced in the 1968 BC, ANSI A117.1-1986 as modified by 1968 BC Reference Standard RS 4-6 (the "1968 Ref Std"); (ii) the accessibility provisions of the 2008 New York City Building Code, N.Y.C. Admin. Code § 28-1101 *et seq*. and Appendix E (the "2008 BC"), inclusive of the technical standard for accessibility referenced in the 2008 BC, ICC A117.1-2003 (the "2008 Ref Std"); (iii) the accessibility provisions of the 2014 New York City Building Code, N.Y.C. Admin. Code § 28-1101 *et seq*. and Appendix E (the "2014 BC"), inclusive of the technical standard for accessibility referenced in the 2014 BC, ICC A117.1-2009 (the "2014/2022 Ref Std); and (iv) the accessibility provisions of the 2022 New York City Building Code, N.Y.C. Admin. Code § 28-1101 *et seq*. and Appendix E (the "2022 BC"), inclusive of the technical standard for accessibility referenced in the 2022 BC, 2014/2022 Ref Std.

*Public Entrance*

C. BSC – Prince Street public entrance is not accessible.
*Defendants fail to provide that at least 50% of the public entrances are accessible. 1991 ADA § 4.1.3(8)(a)(i).*
*Defendants fail to provide that at least 60% of the public entrances are accessible. 2010 ADA § 206.4.1.*
*Defendants fail to provide that primary entrances/public entrances are accessible. 1968 BC § 27-292.5(a); 2008 BC § 1105.1; 2014 BC § 1105.1; and 2022 BC § 1105.1.*

D. The required maneuvering clearance of 18 inches parallel to the door required for a forward approach to the pull side of BSC – Prince Street exterior public entrance door is not provided.
*Defendants fail to provide that floor or ground surface within required maneuvering clearances at doors of 18 inches parallel to the door beyond the latch is level and clear. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref. Std. § 4.13.6; 2008 Ref. Std. § 404.2.3; and 2014/2022 Ref. Std. § 404.2.3.*

89. Architectural barriers at BSC – Prince Street (which Plaintiff has been made aware of prior to filing his Complaint, and that deter him) include, but are not limited to, the following violations of the ADA Standards and the NYC Standards:

*Dining Surfaces*

E. No accessible dining surfaces are provided at tables.
*Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible. See 1991 ADA § 5.1; 2010 ADA § 226.1; 1968 BC § 27-292.10(a)(3); 2008 BC § 1109.11; and 2014 BC § 1109.10.*
*Defendants fail to provide at least 10 percent of the total number of seating and standing spaces, but not less than one, of each type of dining surface shall be accessible and dispersed throughout the facility. See 2022 BC § 1108.2.9.1.*

F. No clear floor space of 30 inches by 48 inches positioned for a forward approach, or the required knee and toe clearance are provided at the table dining surfaces. See 1991 ADA § 4.32.2; 2010 ADA § 902.2; 1968 Ref. Std. § 4.30.2; 2008 Ref. Std. § 902.2; and 2014/2022 Ref. Std. § 902.2.

90. A full inspection of BSC – Prince Street will reveal the existence of other barriers to access.

91. To properly remedy Defendants' unlawful discrimination and avoid piecemeal litigation, Plaintiff requires a full inspection of BSC – Prince Street to catalogue the other architectural barriers at BSC – Prince Street and have Defendants remediate them.

92. Plaintiff gives notice that he intends to amend his Complaint to include any violations of the Accessibility Standards or Human Rights Laws that are discovered during an inspection of BSC – Prince Street.

**FIRST CAUSE OF ACTION**
**(DISCRIMINATION IN VIOLATION OF**
**THE AMERICANS WITH DISABILITIES ACT)**

93. Plaintiff re-alleges and incorporates each allegation contained in the above paragraphs as if fully set forth herein.

94. Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. 42 U.S.C. § 12102; 28 C.F.R. § 36.105(a) and (b).

95. As a direct and proximate result of Plaintiff's disability, Plaintiff requires a wheelchair for mobility and has restricted use of his arms and hands.

96. "Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are 'public accommodations' subject to" the ADA. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(b).

97. The ADA imposes joint and several liability on each of the owner of a building in which a place of public accommodation is located, the lessor of space in a building to a place of public accommodation, the lessee of space in a building for a place of public accommodation, and the owner or operator of the place of public accommodation. *See* 28 C.F.R. § 36.201(b).

98. Therefore, pursuant to the ADA, each of the building owner, lessor, lessee, owner, and operator of BSC – Prince Street, a place of public accommodation is liable to Plaintiff. See Id.

99. None of the Defendants can avoid liability under the ADA by transferring their obligations to comply with the ADA to another entity. 28 C.F.R. 36.201(b).

100. Defendants continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to access BSC – Prince Street on the basis of disability.

101. Defendants' policies and practices continue to subject Plaintiff to disparate treatment and disparate impact.

102. By failing to comply with the law in effect for decades, Defendants have articulated to Plaintiff, as a disabled person, that he is neither desired nor welcome as a patron of BSC – Prince Street.

103. Defendants performed design and construction work to build out BSC – Prince Street but failed to perform the work so that their place of public accommodation, BSC – Prince Street, complies with the 1991 ADA Standards or the 2010 ADA Standards.

104. Because BSC – Prince Street does not comply with the ADA Standards it is not readily accessible to and usable by Plaintiff due to his mobility disability. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. § 12183(a)(1).

105. Defendants discriminate against Plaintiff in violation of the ADA as they built a place of public accommodation that is not accessible to Plaintiff based on disability. *See* 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. § 12183(a)(1).

106. Defendants fail to provide an integrated and equal setting for the disabled at BSC – Prince Street in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

107. In violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2), Defendants failed to make BSC – Prince Street compliant with the ADA Standards to the maximum extent feasible when they performed work that constituted alterations to BSC – Prince Street.

108. Defendants failed to provide "readily accessible and usable" paths of travel to the

altered primary function areas of BSC – Prince Street in violation of 28 C.F.R. § 36.403.

109. Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access at BSC – Prince Street in violation of 28 C.F.R. § 36.304.

110. It has been and remains readily achievable for Defendants to make BSC – Prince Street accessible by complying with the ADA Standards.

111. By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff based on disability in violation of 42 U.S.C. § 12182(a), § 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

112. Alternatively, if Defendants allege that the removal of any of the barriers to access was, and remains, not readily achievable, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal. 28 C.F.R. § 36.305.

113. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R § 36.101 *et seq.*

114. Defendants continue to discriminate against Plaintiff in violation of the ADA by maintaining a place of public accommodation that is not compliant with the ADA Standards, and therefore not accessible.

**SECOND CAUSE OF ACTION**
**DISCRIMINATION IN VIOLATION OF**
**THE NEW YORK HUMAN RIGHTS LAW**

115. Plaintiff realleges and incorporates each allegation contained in the above paragraphs as if fully set forth herein.

116. Plaintiff suffers from various medical conditions that separately and together prevent him from exercising the life activities of both walking and body motion range.

117. Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 292(21).

118. In 2019, the New York State legislature enacted legislation which amended the construction provision of the State HRL, Executive Law § 300, to require that the protections and provisions be liberally construed. NY Session Law 2019, ch 160.

119. The 2019 amendment requires the State HRL's provisions and the protections it provides to be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". Executive Law § 300.

120. By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005, Local Law 85 of 2005, the New York State legislature confirmed the legislative intent to abolish parallel construction between the State HRL and related Federal anti-discrimination laws.

121. Defendants have and continue to subject Plaintiff to disparate treatment by denying him equal opportunity to use their place of public accommodation all because he is disabled.

122. Defendants discriminated against Plaintiff in violation of State HRL, Executive Law § 296(2), by creating or maintaining an inaccessible place of public accommodation.

123. Defendants have aided and abetted others in committing disability discrimination.

124. Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of State HRL, Executive Law § 296(2)(c)(iii).

125. In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of State HRL, Executive Law §

296(2)(c)(v).

126. It would be readily achievable (as defined by the State HRL) to make Defendants' place of public accommodation fully accessible.

127. It would not impose an undue hardship or an undue burden on Defendants to make their place of public accommodation fully accessible.

128. As a direct and proximate result of Defendants' unlawful discrimination in violation of State HRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

129. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**DISCRIMINATION IN VIOLATION OF**
**THE NEW YORK CITY HUMAN RIGHTS LAW**

130. Plaintiff re-alleges and incorporates each allegation contained in the above paragraphs as if fully set forth herein.

131. Plaintiff suffers from medical conditions that separately and together impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range.

132. Due to his impaired bodily functions, Plaintiff has a disability within the meaning of the City HRL. N.Y.C. Admin. Code § 8-102.

**Section 8-107(4)(a)(1)(a) Violations: Denial of Equal Opportunity.**

133. The City HRL guarantees the right of all individuals, regardless of disability, to equal opportunity (*i.e.*, equitable access) to places of public accommodation.

134. Equitable access is the opportunity to have "full and equal enjoyment, on equal terms and conditions" to the accommodations, advantages, services, facilities, and privileges of a place

of public accommodation. N.Y.C. Admin. Code § 8-107(4).

135. Defendants engage in an unlawful discriminatory practice prohibited by the City HRL as they created and maintain a place of public accommodation, BSC – Prince Street, which is not accessible to Plaintiff due to disability. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a).

136. Defendants are also liable for the conduct of their employees and agents which resulted in the creation and maintenance of a place of public accommodation which is not accessible. N.Y.C. Admin. Code § 8-107(13).

137. Because Defendants created and maintain a place of public accommodation that is not accessible to Plaintiff due to disability, Defendants directly and indirectly "refuse, withhold from, or deny" Plaintiff equal opportunity to enjoy the "accommodations, advantages, services, facilities or privileges" of BSC – Prince Street due to his disability.

138. Defendants' policies and procedures inclusive of their policies of refusing to expend funds to design, create, and maintain an accessible place of public accommodation is a discriminatory practice in violation of City HRL. N.Y.C. Admin. Code § 8-107 (4).

139. Defendants' failure to construct and maintain an accessible entrance from the public sidewalk to BSC – Prince Street constitutes disability discrimination in a violation of the City HRL. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a); See also N.Y.C. Admin. Code § 19-152 and § 7-210.

140. Defendants' failure to provide an accessible place of public accommodation and consequent denial of equal opportunity to Plaintiff constitutes an ongoing continuous pattern and practice of disability discrimination. in violation of the City HRL. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a).

141. Defendants discriminate against Plaintiff as they subject him to disparate impact in

violation of the City HRL. N.Y.C. Admin. Code § 8-107(4).

142. Defendants subject Plaintiff to disparate impact as they directly and indirectly deny Plaintiff equal opportunity to enjoy the accommodations, advantages, facilities, and privileges of BSC – Prince Street because of his disability.

143. Defendants' policies or practices, "whether neutral on their face and [or] neutral in intent" result in a disparate impact to the detriment of the individuals with mobility disabilities, the protected class of which Plaintiff is a member. *See* N.Y.C Admin. Code § 8-107(17); and *Levin v Yeshiva Univ.*, 96 NY2d 484, 489(2001).

144. Defendants' failure to comply with the NYC Building Code as well as their failure to expend funds to upgrade and alter BSC – Prince Street to remove inaccessible features are policies and practices that have a significantly adverse and disproportionate impact on persons with mobility disabilities, including Plaintiff.

145. Because the result of Defendants' policies and practices is a place of public accommodation that is not accessible to people with mobility disabilities, Plaintiff has demonstrated that Defendants' policy or practice has a disproportionately negative impact on the disabled including Plaintiff.

**Section 8-107(15) Violations: Failure to Provide Reasonable Accommodations.**

146. Defendants also discriminate against Plaintiff in violation of the City HRL as they have not made reasonable accommodations necessary for persons with mobility disabilities that use wheelchairs. N.Y.C. Admin. Code § 8-107(15)(a).

147. Defendants' failure to make reasonable accommodations include their failure to remove the architectural barriers to access detailed herein so that individuals with mobility disabilities that use wheelchairs, including Plaintiff, have equal opportunity to enjoy what

Defendants offer at BSC – Prince Street.

148. Defendants have known, or should have known, that members of the public, which includes current and prospective patrons of BSC – Prince Street such as Plaintiff, have mobility disabilities that require the use of wheelchairs to ambulate.

149. Defendants have known, or should have known, reasonable accommodations are necessary for persons with mobility disabilities that use wheelchairs to have the equal opportunity to enjoy what Defendants offer at their place of public accommodation, BSC – Prince Street.

150. To the extent Defendants were not obligated to have altered or maintained BSC – Prince Street so that the architectural barriers identified in this Complaint do not exist it would not cause undue hardship in the conduct of their business to remove the architectural barriers detailed in this Complaint as a reasonable accommodation for persons with mobility disabilities that use wheelchairs.

151. Defendants cannot demonstrate that it would cause undue hardship in the conduct of their respective businesses to remove the architectural barriers to access detailed herein as a reasonable accommodation for persons with mobility disabilities that use wheelchairs.

152. Defendants' failure to provide reasonable accommodations for persons with disability, inclusive of their failure to remove the barriers to access identified in herein, and Defendants' consequent denial of equal opportunity to Plaintiff, constitutes an ongoing continuous pattern and practice of disability discrimination in violation of the City HRL. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a).

**Section 8-130: The City HRL's Construction and Maximally Protective Role.**

153. To further the City HRL's "uniquely broad remedial purposes" (Local Law No. 85

(2005) of City of New York § 7) and to ensure that it the law is “maximally protective of civil rights in all circumstances” (Local Law No. 35 (2016) of City of New York § 1), the New York City Council amended the City HRL’s Construction provision, N.Y.C. Admin. Code § 8-130, in 2005 and 2016. Local Law 85 (2005), and Local Law 35 (2016).

154. The 2005 and 2016 amendments confirm that the City HRL is not coextensive with federal or state civil rights laws “regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably worded to provisions of this title, [the City HRL,] have been so construed”. N.Y.C. Admin. Code § 8-130(a), as amended by Local Law 85 § 7 and Local Law 35 § 2.

155. The 2005 and 2016 amendments instead provide that the City HRL’s protections are cumulative to the protections provided by federal or state civil rights laws, as the City HRL must “be interpreted liberally and independently of similar federal and state provisions” to accomplish the City HRL’s uniquely broad and remedial purposes “as one of the most expansive and comprehensive human rights laws in the nation”. Rep of Governmental Affairs Div, Comm on Civ Rights at 6 and 8, March 8, 2016, Local Law Bill Jacket, Local Law No. 35 (2016) of City of NY (Adding to Local Law 85 § 1’s already explicit language which provided that the obligations imposed on entities subject to the City HRL by “similarly worded provisions of federal and state civil rights laws [are] as a floor below which the City's Human Rights law cannot fall.").

156. The 2016 Amendments to the City HRL additionally direct that “[e]xceptions to and exemptions from the provisions of this title [(the City HRL)] shall be construed narrowly in order to maximize deterrence of discriminatory conduct”. N.Y.C. Admin. Code § 8-130(b), as amended by Local Law 35 (2016) § 2.

157. Due to the above-referenced amendments, the City HRL provides significantly

greater protections to its protected classes "in all circumstances" than what the ADA and the State HRL (Title 15 of the Executive Law) provide to persons in the same protected classes.

158. Defendants' conduct is therefore subject to a markedly stricter standard under the City HRL than under Federal and state anti-discrimination law.

159. Defendants' liability under the City HRL for their conduct alleged herein must be determined separately and independently from their liability under the ADA or State HRL, to the extent that Defendants escape liability under the ADA or State HRL. N.Y.C. Admin. Code § 8-130, as amended by Local Law 85 and Local Law 35.

160. Conversely to the extent that Defendants' conduct alleged herein violates the ADA or State HRL, Defendants automatically violate the City HRL.

161. Therefore, Defendants' violations of the ADA, the ADA Standards, and the State HRL alleged herein constitute discrimination under the City HRL.

162. Defendants continue to discriminate based on disability in violation of the City HRL (N.Y.C. Admin. Code § 8-107(4)) due to their ongoing violations of the ADA, the ADA Standards, and the State HRL alleged herein.

163. The City HRL's stricter standards also apply in situations where the ADA and the State HRL have provisions that are comparably worded to the City HRL's provisions. N.Y.C. Admin. Code § 8-130.

164. Defendants must therefore provide an accessible place of public accommodation, regardless of their obligation to provide accessibility under similarly worded provisions of the ADA or the State HRL.

**Section 8-107(6) Violations: Aid and Abet Discrimination.**

165. In violation of the City HRL, Defendants have and continue to, aid and abet, incite,

compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation, all because of disability. N.Y.C. Admin. Code § 8-107(6).

166. Each of the Defendants have aided and abetted others in committing disability discrimination.

167. Defendants' conduct constitutes an ongoing and continuous violation of the City HRL.

168. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law.

169. Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' place of public accommodation.

170. As a direct and proximate result of Defendants' unlawful discrimination in violation of the City HRL, Plaintiff has suffered, and continues to suffer emotional distress, including humiliation, stress, and embarrassment.

171. Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the City HRL.

172. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

173. Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to

amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to the City HRL N.Y.C. Admin. Code § 8-502.

174. By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by diverting monies they should have used to provide an accessible space to themselves.

175. By refusing to make their place of public accommodation accessible, Defendants have unlawfully benefited from their discriminatory conduct by collecting revenue from a non-compliant space.

176. Defendants continue to take for themselves funds they are required to spend to remediate BSC – Prince Street so that it is accessible.

177. The amounts Defendants diverted to themselves, and the unlawful revenues they gained must be disgorged.

178. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK CIVIL RIGHTS LAW)

179. Plaintiff re-alleges and incorporates each allegation contained in the above paragraphs as if fully set forth herein.

180. The CRL guarantees the rights of all persons in New York to "full and equal accommodations, advantages, facilities and privileges of any places of public accommodation[]…subject only to the conditions and limitations established by law and applicable alike to all persons." N.Y. Civ. Rights Law § 40.

181. The CRL therefore provides that public accommodations cannot "directly or indirectly refuse, withhold from or deny to any person any of the accommodations, advantages,

facilities or privileges" of their place of public accommodation. *Id*.

182. The CRL also guarantees all persons in New York "equal protection of the laws of [New York and the City of New York] and specifically protects individual with disabilities from "any discrimination in his or her civil rights … by any other person or by any firm, corporation or institution". Id. at § 40-c.

183. Those that discriminate against an individual with a disability are subject to a monetary penalty of $100 - $500 per offense, recoverable by the individual that suffered the discrimination pursuant to the CRL. *Id*. at § 40-d.

184. Defendants discriminated against Plaintiff pursuant to the State HRL and the City HRL.

185. Defendants denied Plaintiff equitable access to BSC – Prince Street, causing Plaintiff prior injury on multiple occasions as set forth in this Complaint.

186. Defendants continue to deny Plaintiff equitable access to BSC – Prince Street inflicting ongoing injury upon Plaintiff as set forth in this Complaint.

187. Plaintiff is entitled to recover the monetary penalty prescribed by CRL § 40-d for each and every discriminatory violation under the State HRL and the City HRL.

188. As required by CRL § 40-d, notice of this action has been served upon the New York Attorney General.

**INJUNCTIVE RELIEF**

189. Plaintiff will continue to experience unlawful discrimination from Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief that Orders Defendants to alter and modify their place of public accommodation to comply with the Accessibility Standards and the Human Rights Laws, is necessary.

190. Injunctive relief is necessary to make Defendants' place of public accommodation readily accessible to and usable by Plaintiff as an individual with a disability that uses a wheelchair in accordance with the above-mentioned laws.

191. Injunctive relief is also necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA and the City HRL.

## JURY DEMAND

192. Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A. Enter declaratory judgment declaring that Defendants have violated the ADA inclusive of its implementing regulations and the City HRL, and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B. Issue a permanent injunction ordering Defendants to remediate BSC – Prince Street so that it is accessible to wheelchair users as required by the ADA, State HRL, and City HRL, which includes remediating all violations of the 1991 Standards, the 2010 Standards, and the NYC Standards at BSC – Prince Street;

C. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and that Defendants will not repeat their unlawful practices, acts and omissions;

D. Award Plaintiff compensatory damages from Defendants' violations of the City HRL;

E. Award Plaintiff punitive damages to punish and deter the Defendants for their violations of the City HRL;

F. Award Plaintiff the monetary penalties for each act of discrimination in violation of the State HRL and City HRL, per defendant, pursuant to New York State Civil Rights Law § 40-d;

G. Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA and City HRL; and

H. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: September 30, 2026

Respectfully submitted,

**HANSKI PARTNERS LLC**

By: /s/ Adam S. Hanski
Adam S. Hanski, Esq.
Attorneys for Plaintiff
4 International Dr, Ste 110
Rye Brook, NY 10573
Telephone: (212) 248-7400
Email: ash@disabilityrightsny.com